a judgment for an assault upon character that it does for an assault upon the purse?

It was urged that in the one case the defendant might be arrested and held to bail, while he could not in the other. It is true that in the one case the order of arrest may go forth, but it is not always effectual. If the defendant be a non-resident, or absent from the State, or keeps himself concealed within it, the order would be of no avail. In such case a defendant with large property within the State might set a plaintiff at defiance, and through the instrumentality of agents, remove or dispose of his property at his convenience, at any time before judgment.

I am therefore of the opinion that an attachment, as a provisional remedy, may issue as well in actions of tort as on contract, whenever it is made to appear by affidavit that a cause of action exists against the person named as defendant, specifying the amount of the claim, the grounds thereof, and that the defendant is not a resident of the State, or has departed from the State to avoid the service of a summons, or keeps himself concealed therein with that intent.

Motion denied.

---

## MATTER OF NELSON.

*New York Common Pleas; Special Term, December,* 1860.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—POWER OF COURT TO REQUIRE ACCOUNTING.

The power to compel an assignee for the benefit of creditors to account and pay over to the creditors entitled thereto, the moneys and properties realized from the trust, which is conferred upon the courts by the act of 1860 (*Laws of* 1860, 595), is intended to be substantially such as is conferred by law upon surrogates respecting the estates of deceased persons, with the proviso, however, that the same shall not be exercised until the lapse of one year from the date of the assignment.

The court cannot call upon the assignee to account or direct him in any way respecting the distribution of the trust-fund, until the year has expired.

*It seems*, that at that time, if he has not closed his trust, a full and final accounting may be had, in which the rights of all persons concerned may be as fully determined as in the ordinary equity action which any creditor may bring to close up an assigned estate and obtain payment of the portion of it to which he is entitled, and distribution may be then directed accordingly.

Application to require an assignee for the benefit of creditors to render an account, and pay accordingly, under the act of 1860.

The facts are fully stated in the opinion.

*F. S. Stalknecht*, for the petitioner.

*T. C. T. Bulkley*, assignee, in person.

HILTON, J.—From the petition presented in this matter, it appears that on September 15, 1860, Nelson & Mandel made a general assignment to Thomas C. T. Bulkley, of all their property, for the benefit of their creditors, preferring with others the debt alleged to be owing by them to the petitioner, Adolphus G. Mandel, amounting to $7,383. It also appears that the assignee, before entering upon his duties, duly executed a bond conditioned for their faithful performance, and approved by one of the judges of this court (see *Laws of* 1860, 595, § 3), in the exercise of the powers vested in them by chapter 198, of Laws of 1854 (464, § 6), and under which they are authorized to perform within the city and county of New York, and are vested with, all the powers and jurisdiction then or thereafter to be conferred upon the several county courts in this State. (See also *Laws of* 1821, 64; *Laws of* 1834, ch. 119; *Laws of* 1839, ch. 116; *Const. of* 1846, art. 14, § 12. Renard *a.* Hargous, 3 *Kern.*, 259. *Laws of* 1847, 279, 330, § 36.)

The assignee having realized upwards of $3,000 in cash, we are asked, under the authority thus conferred upon us by the Law of 1860, entitled "An act to insure to creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors," to order the assignee to appear and render an account of how much he can safely pay at the present time, among the several creditors preferred in the assignment.

The petition having been served on the assignee, he appeared before us, admitting that he has in his hands the amount stated, and which he is willing to pay over to such parties as the court shall declare entitled to it; making no objection whatever to

the application beyond submitting himself to the protecting power of the court.

Had there been any opposition suggested at the time of making the application, I should not for a moment have hesitated in its disposition; but, under the circumstances, I have considered it advisable to examine the Law of 1860 carefully, for the purpose of seeing whether, under any possible construction of its provisions, a proceeding of this nature can be entertained by us prior to the expiration of one year from the date of the assignment.

The power to compel the assignee to account and pay over to the creditors entitled thereto, the money and property realized from the trust, is intended to be substantially such as is conferred by law upon surrogates, respecting the estates of deceased persons, with the proviso, however, that the same shall not be exercised until the lapse of one year from the date of the assignment (see §§ 3, 4, 5 of the act); and unless the provision in section 4, which gives to the county judge " the same power and jurisdiction to compel such accounting as is now possessed by surrogates in relation to the estates of deceased persons," be considered in terms sufficiently broad and comprehensive to include within it the power conferred by 3 Revised Statutes (5 ed.), 204, section 18, subdivision 1, by which, upon the application of a creditor of a person deceased, at any time after six months shall have elapsed from the granting of letters testamentary, or of administration, the payment of the whole, or any proportional part of the debt owing to such creditor may be decreed;—I can conceive of no case wherein we may call upon the assignee to account, or direct him in any way respecting the distribution of the trust-fund, until the year has expired. At that time, if he has not closed his trust, by paying over and distributing to the parties legally entitled, we may proceed in a summary manner under the act referred to; and having ascertained the amount collected, and the debts owing to the several creditors, may direct a distribution and payment, having regard to any priorities specified in the assignment. But this accounting will not be alone between the assignee and the particular creditor who may see fit to apply to us for payment, but will be a general and final accounting up to the time of its being made, between the assignee and all the creditors in any way, no matter

how remotely, interested in the trust-fund. In that proceeding it will also be competent for a creditor to impeach the claim of any other creditor, so that the rights of the assignee, and the rights of all persons claiming to be creditors under the assignment, will be thus as fully determined as in the ordinary equity actions which any creditor may bring to close up an assigned estate, and obtain payment of the portion of it to which he may be entitled.

But it is unnecessary to anticipate our future action under the law, as it is clear that the present application is one which cannot be entertained at this early day; only three months having elapsed since the making of the assignment under which the applicant claims.